IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RICKY JUVINALL, JR., | ) |
| Plaintiff, | ) |
| v. | ) 13-CV-3071 |
| WARDEN GLEN AUSTIN, et al., | ) |
| Defendants. | ) |

**OPINION**

Plaintiff is incarcerated in Jacksonville Correctional Center. He proceeds pro se in this civil rights action arising from alleged deliberate indifference to Plaintiff's hand injury. All Defendants have been served and the case is in the process of discovery.

Some of the Defendants—Farrow, Austin, Jackson, and Shicker—move to dismiss, arguing that Plaintiff's grievance failed to exhaust Plaintiff's administrative remedies as to them. Plaintiff does not dispute that his grievance complained only about the lack or delay of medical treatment for his injured hand. The grievance mentioned nothing about Defendant Farrow allegedly forcing Plaintiff to work through Plaintiff's injury. Nor did the grievance mention Warden Austin, Assistant Warden Jackson, or IDOC

Medical Director Shicker. Plaintiff concedes this but argues that his grievance is enough to exhaust against these Defendants because Defendants have been included in Plaintiff's complaint.

The purpose of the exhaustion requirement is to give notice of a problem to prison officials so that officials may have an opportunity to address the problem before litigation ensues. Turley v. Rednour, --- F.3d ---, 2013 WL 3336713 *2 (7th Cir. 2013). Plaintiff's grievance did give notice of the alleged delay and lack of medical treatment by those in the health care unit. However, Plaintiff's grievance did not give notice of his allegation that he was forced to work after complaining of his injury to Defendant Farrow. The incidents are separate: Plaintiff's grievance on medical care does not expand to cover claims not involving Plaintiff's medical care. Accordingly, Defendant Farrow—who is the only Defendant implicated in the claim about being forced to work—is dismissed for Plaintiff's failure to exhaust administrative remedies.

Similarly, Plaintiff's grievance gives no hint how Defendants Austin, Jackson, and Shicker were involved in the lack of medical care. Austin, Jackson, and Shicker were not Plaintiff's health care providers at Jacksonville, and Plaintiff did not file his grievance

until after Plaintiff had received surgery for his hand. Plaintiff argues that his grievance exhausted his administrative remedies as to these Defendants due to their supervisory positions, but that is incorrect. Notifying prison officials generally about the lack of medical treatment does not exhaust administrative remedies against prison officials who had nothing to do with providing that medical treatment. Additionally, supervisors cannot be held liable for their employees' constitutional violations solely because the supervisors are in charge. <u>Kuhn v. Goodlow</u>, 678 F.3d 552. 556 (7th Cir. 2012)("'An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.'")(quoted cite omitted); <u>Chavez v. Illinois State Police</u>, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983). Summary judgment is therefore granted to Defendants Austin, Jackson, and Shicker.

**IT IS ORDERED:**

1) **The motion for summary judgment on the issue of exhaustion by Defendants Austin, Farrow, Jackson, and Shicker is granted (d/e 55).** Defendants Austin, Farrow, Jackson, and

Shicker are dismissed without prejudice. **The clerk is directed to terminate Defendants Austin, Farrow, Jackson, and Shicker.**

2) **Plaintiff's motion to compel is granted in part (d/e 59).** Plaintiff's request for all of Defendant Wexford's policies and directives regarding patient care is overbroad. However, documents addressing whether a patient's condition is emergent and how emergent conditions are handled could be relevant. Whether that information is admissible is a different question to be decided at the summary judgment stage. By November 25, 2013, Defendant Wexford is directed to respond to Plaintiff's request number 4, as limited herein.

3) **Plaintiff's motion for the appointment of counsel (d/e 47) is denied** for the reasons stated in the Court's 6/12/13 order. The Court understands that Plaintiff has been receiving help from an inmate, but that alone does not mean that Plaintiff is not competent to proceed pro se. Though Plaintiff's claim involves medical treatment, which can be complicated, the medical condition in this case is one a layperson can explain and understand: a broken hand. Plaintiff has been able to obtain and submit his relevant medical records, file a response to the motion regarding

exhaustion addressing Defendants' arguments, and successfully pursue a motion to compel.  Additionally, Plaintiff's most recent Test for Adult Basic Education score shows that he scored above a twelfth grade level for the reading scores.

4) **Plaintiff's motion to file his medical records is granted (d/e 48).**

5) **Defendants' motion to substitute Attorney Carter for Attorney Fanning is granted (d/e 50).**

6) **Plaintiff's motion for default is denied (d/e 60), with leave to renew.**  According to the docket, waivers of service were sent to Nurse Boan and to Becky Sudbrink at Jacksonville Correctional Center on April 15, 2013, and again on July 10, 2013. However, those waivers were not returned, and the clerk was informed that no record of employment existed for either Nurse Boan or Becky Sudbrink.  The record shows that Defendants Boan and Sudbrink are IDOC employees and are in fact employed at Jacksonville Correctional Center (d/e's 49, 52).

7)   By November 8, 2013, Attorney Carter is directed to obtain signed waivers of service and requests for representation from Defendants Boan and Sudbrink.

8) By November 12, 2013, Attorney Carter is directed to file the waivers of service signed by Defendants Boan and Sudbrink and to file an appearance on their behalf.

ENTERED: 10/25/13

                                       **s/Sue E. Myerscough**
                                       SUE E. MYERSCOUGH
                          UNITED STATES DISTRICT JUDGE